UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-01670-JRS-TAB |
| | ) |
| NATIONWIDE CREDIT, INC., | ) |
| | ) |
| Defendant. | ) |

**Entry and Order on Motion to Dismiss**

Plaintiff Gregory Scott alleges he received two letters from Defendant Nationwide Credit, Inc. ("NCI") in an attempt to collect a debt. The letters identify the same original creditor and contain the same original creditor account number and balanced owed. The letters contain two different internal account numbers. Gregory has sued NCI for violating the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* NCI has moved to dismiss the complaint for failure to state a claim. For the reasons that follow, the Court grants the motion.

**Legal Standard**

Under federal pleading standards, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). In considering a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The Court may also consider exhibits attached to the complaint. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citing Fed. R. Civ. P. 10(c)). When a complaint fails to sufficiently state a claim, "the plaintiff should ordinarily be given an opportunity . . . to amend the complaint to correct the problem if possible." *Id.* If any amendment would be futile, however, the Court need not grant leave to amend. *Id.*

## The Allegations

The following allegations are taken from the Complaint and attached exhibits.

Scott is a consumer within the meaning of the FDCPA, and NCI is a debt collector within the meaning of the FDCPA. NCI is attempting to collect a debt from Scott, who incurred a debt that was primarily for personal, family, or household purposes as defined by §1692(a)(5). The debt went into default and then was placed with or otherwise transferred to NCI for collection. Scott disputes the debt.

Scott received a letter dated June 22, 2019, from NCI in an attempt to collect the alleged debt. A copy of the letter is attached to the Complaint as Exhibit 2. The June 22 letter states that Scott owes a balance of $1,386.18. The June 22 letter identifies

the creditor as "AMERICAN EXPRESS" and has an account number ending in 81003 and an internal account number of 19101110922.

Scott received another letter dated October 15, 2019, from NCI in an attempt to collect the debt. A copy of the letter is attached to the Complaint as Exhibit 3. The October 15 letter states that Scott owes a balance of $1,386.18. The October 15 letter identifies the creditor as "AMERICAN EXPRESS" and has an account number ending in 81003 and a different internal account number (19288115249) than the June 22 letter.

Scott alleges that NCI intended to mislead him by assigning two different internal account numbers to the original debt and that NCI deceptively attempted to collect twice the amount owed on the original debt. He asserts claims under 15 U.S.C. §§ 1692e, 1692d, and 1692f. Scott seeks actual damages, statutory damages, and attorney fees and costs.

## Discussion

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Court views an alleged FDCPA violation "through the objective lens of an unsophisticated consumer who, while 'uninformed, naïve, or trusting,' possesses at least 'reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 380 (7th Cir. 2019) (quoting *Pettit*

*v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). This standard "is an objective one and is not the same as the rejected least-sophisticated-debtor standard; accordingly, [courts] disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). "[A] mere claim of confusion is not enough: a plaintiff must show that the challenged 'language of the letters unacceptably increases the level of confusion.'" *Id.* at 415 (quoting *Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1060 (7th Cir. 1999)). Further, "a collection letter cannot be confusing as a matter of law or fact 'unless a significant fraction of the population would be similarly misled.'" *Durkin*, 406 F.3d at 415 (quoting *Pettit,* 211 F.3d at 1060); *see also Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572, 574–75 (7th Cir. 2004) (stating that the court should reject "fantastic conjecture" "without requiring evidence beyond the letter itself").

NCI moves to dismiss the Complaint for failure to state a claim on which relief can be granted. NCI argues that Scott's interpretation of the collection letters as trying to double collect the debt owed or otherwise deceive him is implausible. NCI asserts it is clear on the face of the letters attached to the Complaint, that it was attempting in June 2019 to collect a balance of $1,386.18 on Scott's credit card account ending in 81003 and that in October 2019 it was still attempting to collect the identical balance of $1,386.18 on the identical account ending in 81003. NCI argues that the different internal account numbers on its two letters are not harassing, deceptive, or unfair.

15 U.S.C. § 1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Though the examples of conduct that violates § 1692d "are not intended to '[limit] the general application' of the section, they are nonetheless useful in contextualizing the behavior prohibited by the section." *Beach v. LVNV Funding LLC*, No. 12-CV-778, 2013 WL 1878940, at *3 (E.D. Wis. May 3, 2013) (quoting 15 U.S.C. § 1692d); *see also Rhone v. AllianceOne Receivables Mgmt.*, No. 1:14-cv-020034-JMS-TAB, 2015 WL 4758786, at *6 (S.D .Ind. Aug. 12, 2015) (dismissing § 1692d claim where language in collection letter "neither threatens [plaintiff] with any action should she fail to pay, nor resembles any of the offenses listed in 1692d").

5

NCI's conduct in sending Scott two collection letters four months apart that identified the same debt but had different internal account numbers is in no way even arguably similar to the types of conduct specifically prohibited by § 1692d. The alleged conduct does not plausibly state that NCI engaged in "conduct the natural consequence of which is to harass, oppress, or abuse." Therefore, the Court finds that the § 1692d claim should be dismissed.

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section then lists sixteen types of conduct that are prohibited. Most relevant to Scott's allegations are: "The false representation of . . . the character, amount, or legal status of any debt" and "The use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(2), (10). To state a claim under § 1692e a plaintiff must plausibly allege conduct that "would materially mislead or confuse an unsophisticated consumer." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). The Seventh Circuit has cautioned that "dismissal is only appropriate in 'cases involving statements that plainly, on their face, are not misleading or deceptive.'" *Id.* (quoting *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812, 814–15 (7th Cir. 2016)).

That is the case here. Assigning different internal account numbers to two collection letters seeking to collect an identical debt is neither deceptive nor misleading. The two collection letters identified the same original creditor account and same balance owed. The two letters clearly identified the same debt and sought to collect the

same debt. Scott's view that the letters attempted to collect twice on the amount owed on the original debt is unrealistic and can be disregarded. *See Durkin*, 406 F.3d at 414. The letters clearly refer to the same debt. NCI sent the June 2019 letter in an attempt to collect the debt. NCI sent the October 2019 letter only after Scott had failed to pay on the debt. Any unsophisticated consumer would be capable of determining that the two letters sought to collect the same debt. *See, e.g.*, *Smith*, 926 F.3d at 380. This conclusion finds support in decisions of other district courts that have concluded a consumer could not plausibly allege confusion from a collection letter based on a debt collector's internal reference number when the letter otherwise clearly indicated the debt was the same. *See, e.g.*, *Himes v. Client Servs. Inc.,* 990 F. Supp.2d 59, 64–65 (D.N.H. 2014) (concluding that two different internal reference numbers on collection letters were "no cause for confusion" or "hint of misrepresentation or an attempt by the defendants to collect a sum that [plaintiff] did not legally owe"); *Lorandeau v. Cap. Collection Serv.*, Civil Action No. 10-3897, 2011 WL 4018248, at *8 (E.D. Pa. Sept. 8, 2011) (deciding use of new internal file number was not misleading or confusing where "[t]he least sophisticated debtor could have determined from the [second collection] notice that it referred to the same debt as the [first notice]"). The Court finds that as a matter of law the use of different internal account numbers was not false, deceptive, or misleading in violation of § 1692e. Therefore, the claim under § 1692e will be dismissed.

Section 1692f provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Like the other sections, this section

also lists conduct that violates the section, including as most relevant here, "The collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). As with the other sections of the FDCPA, § 1692f's list of violative conduct is not exhaustive. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 996 (7th Cir. 2003). The allegation that the collection letters contained different internal account numbers cannot be viewed as stating a claim that NCI engaged in "unfair or unconscionable" conduct. The § 1692f claim will be dismissed.

## Conclusion

NCI's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is **granted**. Because it is clear that any amendment would be futile, there will be no leave to amend, and this action will be **dismissed**.

**SO ORDERED.**

Date: 1/19/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all parties of record via CM/ECF.